IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS G. WILLIAMS,

    Plaintiff,                    No. CIV S-10-2769 DAD P

  vs.

ARAMARK FOOD SERVICES,

    Defendant.                ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. §§ 1914(a) & 1915(b)(1). An initial partial filing fee of $8.50 will be assessed by this order. See 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it

1

1 to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of
2 twenty percent of the preceding month's income credited to plaintiff's prison trust account.
3 These payments will be collected and forwarded by the appropriate agency to the Clerk of the
4 Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in
5 full.  See 28 U.S.C. § 1915(b)(2).

**SCREENING REQUIREMENT**

7        The court is required to screen complaints brought by prisoners seeking relief
8 against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.
9 § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
10 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may
11 be granted, or that seek monetary relief from a defendant who is immune from such relief.  See
12 28 U.S.C. § 1915A(b)(1) & (2).

13        A claim is legally frivolous when it lacks an arguable basis either in law or in
14 fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-
15 28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
16 indisputably meritless legal theory or where the factual contentions are clearly baseless.
17 Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however
18 inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d
19 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

20        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
21 plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
22 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell
23 Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41,
24 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must
25 contain more than "a formulaic recitation of the elements of a cause of action;" it must contain
26 factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

1  550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the
2  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
3  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
4  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
5         The Civil Rights Act under which this action was filed provides as follows:
6         Every person who, under color of [state law] . . . subjects, or
       causes to be subjected, any citizen of the United States . . . to the
7         deprivation of any rights, privileges, or immunities secured by the
       Constitution . . . shall be liable to the party injured in an action at
8         law, suit in equity, or other proper proceeding for redress.
9  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the
10  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
11  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
12  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the
13  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
14  omits to perform an act which he is legally required to do that causes the deprivation of which
15  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
16         Moreover, supervisory personnel are generally not liable under § 1983 for the
17  actions of their employees under a theory of respondeat superior and, therefore, when a named
18  defendant holds a supervisorial position, the causal link between him and the claimed
19  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862
20  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory
21  allegations concerning the involvement of official personnel in civil rights violations are not
22  sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).
23         **PLAINTIFF'S COMPLAINT**
24         In the present case, plaintiff has identified Aramark Food Services as the sole
25  defendant.  In his complaint, plaintiff alleges that the named defendant failed to provide him and
26  his fellow inmates with meals that comport with minimum daily nutritional requirements while

3

he was incarcerated at the Solano County Jail. In plaintiff's view, defendant Aramark Food Services has violated his rights under the Eighth Amendment and the Fourteenth Amendment Equal Protection Clause. In terms of relief, plaintiff requests monetary damages. (Compl. Attach.)

**DISCUSSION**

The allegations of plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to file an amended complaint, he must allege facts demonstrating how the conditions complained of resulted in a deprivation of his federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

/////

4

1          Plaintiff is advised that, if he elects to proceed with this action by filing an
2  amended complaint, he will need to clarify why he has named Aramark Food Services as a
3  defendant.  Plaintiff has not allege facts linking defendant Aramark to any harmful conduct.
4  Rather, plaintiff merely alleges that the company delivered meals as ordered by the Solano
5  County Jail.  As noted above, the Civil Rights Act requires there be an actual connection or link
6  between the actions of the defendants and the deprivation alleged to have been suffered by
7  plaintiff.
8          Plaintiff is also advised of the following legal standards that appear to govern his
9  claims.  To the extent that he wishes to proceed on an Eighth Amendment claim, he is advised
10 that the "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment
11 prohibited by the United States Constitution.  Whitley v. Albers, 475 U.S. 312, 319 (1986).  See
12 also Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06
13 (1976).  However, neither accident nor negligence constitutes cruel and unusual punishment,
14 because "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that
15 characterize the conduct prohibited by the Cruel and Unusual Punishments Clause."  Whitley,
16 475 U.S. at 319.  What is needed to show unnecessary and wanton infliction of pain "varies
17 according to the nature of the alleged constitutional violation."  Hudson v. McMillian, 503 U.S.
18 1, 5 (1992) (citing Whitley, 475 U.S. at 320).  Plaintiff must allege facts showing that objectively
19 he suffered a sufficiently serious deprivation and that subjectively each defendant had a culpable
20 state of mind in allowing or causing the plaintiff's deprivation to occur.  Wilson v. Seiter, 501
21 U.S. 294, 298-99 (1991).  If plaintiff elects to file an amended complaint, he will need to allege
22 how smaller portions of food denied him "the minimal civilized measure of life's necessities."
23 Rhodes v. Chapman, 452 U.S. 337, 347 (1981).
24          To the extent that plaintiff wishes to proceed on a Fourteenth Amendment equal
25 protection claim, he is advised that the Equal Protection Clause "is essentially a direction that all
26 persons similarly situated should be treated alike."  City of Cleburne, Tex. v. Cleburne Living

5

1  Center, 473 U.S. 432, 439 (1985).  To state a cognizable claim under the Equal Protection

2  Clause, a prisoner "must plead intentional unlawful discrimination or allege facts that are at least

3  susceptible of an inference of discriminatory intent."  Byrd v. Maricopa County Sheriff's Dep't,

4  565 F.3d 1205, 1212 (9th Cir. 2009) (quoting Monteiro v. Tempe Union High School District,

5  158 F.3d 1022, 1026 (9th Cir. 1998)).  "Intentional discrimination means that a defendant acted

6  at least in part *because of* a plaintiff's protected status."  Serrano v. Francis, 345 F.3d 1071, 1082

7  (9th Cir. 2003) (emphasis in original) (quoting Maynard v. City of San Jose, 37 F.3d 1396, 1404

8  (9th Cir. 1994)).  If plaintiff elects to file an amended complaint, he will need to allege facts

9  clarifying how he was treated differently from similarly situated inmates.  In his original

10  complaint, plaintiff seems to acknowledge that he and all of his fellow inmates at the Solano

11  County Jail received the same portions of food, which plaintiff claims was insufficient.

12  Plaintiff is informed that the court cannot refer to a prior pleading in order to

13  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

14  complaint be complete in itself without reference to any prior pleading.  This is because, as a

15  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

16  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

17  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

18  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## CONCLUSION

20  Accordingly, IT IS HEREBY ORDERED that:

21  1.  Plaintiff's application to proceed in forma pauperis (Doc. No. 2) is granted.

22  2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

23  Plaintiff is assessed an initial partial filing fee of $8.50.  All fees shall be collected and paid in

24  accordance with this court's order to the Director of the California Department of Corrections

25  and Rehabilitation filed concurrently herewith.

26  3.  Plaintiff's complaint is dismissed.

6

1    4. Plaintiff is granted thirty days from the date of service of this order to file an
2 amended complaint that complies with the requirements of the Civil Rights Act, the Federal
3 Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the
4 docket number assigned to this case and must be labeled "Amended Complaint"; failure to file
5 an amended complaint in accordance with this order will result in a recommendation that this
6 action be dismissed without prejudice.

7    5. The Clerk of the Court is directed to send plaintiff the court's form for filing a
8 civil rights action.

9 DATED: July 14, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
will2769.14